## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

Maria Hall                                          :
102 Ridgewood Dr.                                   :
Sarver, PA 16055,                                   :                    #  2:21-cv-154
                                                    :
                         Plaintiff,                 :
                                                    :
v.                                                  :
                                                    :
Economy Preferred Insurance Company                 :
700 Quaker Ln.                                      :
Warwick, RI 02886    ,                              :
                                                    :
                         Defendant.                 :
                                                    :

## COMPLAINT

## PARTIES

1.      Plaintiff, Maria Hall, is a resident of the Commonwealth of Pennsylvania, residing

at the address listed in the caption of this Complaint.

2.      Defendant, Economy Preferred Insurance Company, was at all times material

hereto, an insurance company duly authorized and licensed to practice its profession by the State

of Texas.  Defendant was engaged in the practice of providing automobile insurance policies,

including, but not limited to, motor vehicle liability policies.  These policies would also

occasionally provide underinsured and uninsured motorist coverage.

3.      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiff

demands trial by jury in this action of all issues so triable.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over the parties and subject matter in this civil action.

Plaintiff is a citizen of Pennsylvania, and Defendant, upon information and belief, is a corporate

entity with its principal place of business in Texas.  The amount in controversy in this case,

exclusive of interest and costs, exceeds the sum of $75,000.

5.     Venue is proper in the United States District Court for the Western District of

Pennsylvania pursuant to 28 U.S.C. § 1391(b) (1) and (2), in that this is a judicial district in

which a substantial part of the events or omissions giving rise to the claims asserted in this

Complaint occurred.

## FACTS

6.     On or about May 13, 2018, at approximately 6:00 p.m., Plaintiff was the owner

and operator of a motor vehicle that was traveling on Route 422.  At the same date and time,

Keven French (hereinafter, "the tortfeasor") approached from the opposite direction, hauling a

GMC dump truck with his small pickup.  The tortfeasor lost control of his vehicle and entered the

Plaintiff's lane of travel, causing a collision.

7.     This collision was the direct result of the tortfeasor negligently or carelessly

operating his vehicle, and not as the result of any action or failure to act by Plaintiff.

8.     As a result of the collision, Plaintiff suffered serious and permanent bodily injury,

including, but not limited to, protrusion in the cervical spine, at the C4-C5 level, with radicular

components, as well as, headaches and left arm numbness, with injuries to the neck, hips, chest

and right knee as set forth more fully below.

9.      The negligence or carelessness of the tortfeasor, which was the direct and sole cause of the motor vehicle collision and of the injuries and damages sustained by Plaintiff, consisted of, but was not limited to, the following:

a..   Operating his vehicle into Plaintiff's lane of travel;

b.    Failing to maintain proper distance between vehicles;

c.    Operating said vehicle in a negligent or careless manner without regard for the rights or safety of Plaintiff or others;

d.    Failing to have said vehicle under proper and adequate control;

e.    Operating said vehicle at a dangerous and excessive rate of speed under the circumstances;

g.    Failure to keep a proper lookout;

h.    Failure to apply brakes earlier to stop the vehicle without causing a motor vehicle collision;

i.    Being inattentive to his duties as an operator of a motor vehicle;

j.    Disregarding traffic lanes, patterns, and other devices;

k.    Driving at a high rate of speed that was dangerous for the conditions;

l.    Failing to remain continually alert while operating said vehicle;

m.    Failing to perceive the highly apparent danger to others that his actions or inaction posed;

n.    Failing to give Plaintiff meaningful warning signs concerning the impending collision;

o.    Failing to exercise ordinary care to avoid a collision;

p.    Failing to be highly vigilant and maintain sufficient control of his vehicle and to bring it to a stop on the shortest possible notice;

q.    Operating his vehicle with disregard for the rights of Plaintiff, even though the tortfeasor was aware of or should have been aware of the presence of Plaintiff and the threat of harm posed to her;

r.    Continuing to operate his vehicle in a direction towards Plaintiff's vehicle when he saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision; and

s.    Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania pertaining to the operation and control of motor vehicles.

10.    As a direct result of the negligent or careless conduct of the tortfeasor, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function and/or permanent serious disfigurement and/or aggravation of pre-existing conditions.  These injuries include, but are not limited to, protrusion in the cervical spine, at the C4-C5 level, with radicular components, as well as, headaches and left arm numbness, with injuries to the neck, hips, chest and right knee.

11.    These injuries are permanent in nature and are to Plaintiff's great financial detriment and loss.  As a result of these injuries, Plaintiff has in the past suffered, is presently suffering, and may in the future suffer great anguish, sickness, and agony.

12.    As an additional result of the carelessness or negligence of the tortfeasor, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

13.      As a further result of the aforesaid physical injuries, Plaintiff has in the past undergone, is presently undergoing, and may in the future undergo a great loss of earnings or earning capacity, all to Plaintiff's further loss and detriment.

14.      Upon information and belief, at the time of the motor vehicle collision in this case, the tortfeasor's motor vehicle insurance policy or liability insurance were insufficient to fully and adequately compensate Plaintiff for the injuries suffered in the collision and/or for other damages and expenses related thereto.  Plaintiff is entitled to significantly more than the $95,000 settlement figure obtained in the underlying action; furthermore, Plaintiff is entitled to significantly more than the $100,000 policy of insurance held by the tortfeasor.  Plaintiff has not been fully and adequately compensated.

15.      At the date and time of the aforementioned motor vehicle collision, Plaintiff was the owner and operator of a motor vehicle that was covered by a policy of insurance issued by Defendant under Policy Number 4604730721.  This policy included coverage for underinsured motorist coverage applicable to Plaintiff.

16.      Accordingly, Plaintiff asserts an Underinsured Motorist Claim against Defendant.

**WHEREFORE**, Plaintiff, Maria Hall, demands judgment in Plaintiff's favor and against Defendant, Economy Preferred Insurance Company, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**SIMON & SIMON, P.C.**

BY: *Brandon Keller*
_____

Brandon Keller, Esquire
*Counsel for Plaintiff*
707 Grant Street; Suite 1200
Pittsburgh, PA 15219
(412) 360-7258
brandonkeller@gosimon.com
PA ID No. 314022